**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DR. GANIYU AYINLA JAIYEOLA, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   24-1798 (RC) |
| | : | |
| v. | : | Re Document No.:   24 |
| | : | |
| DISTRICT JUDGE HOLLY L. TEETER, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**DENYING PLAINTIFF'S MOTION TO VACATE**

**I.  INTRODUCTION**

Plaintiff Dr. Ganiyu Ayinla Jaiyeola ("Plaintiff" or "Dr. Jaiyeola"), proceeding *pro se* against Defendant District Judge Holly L. Teeter ("Defendant" or "Judge Teeter"), seeks to vacate an order granting motion to dismiss that this Court previously issued.  Dr. Jaiyeola's original complaint arose out of a failure-to-hire employment discrimination lawsuit against Garmin International, Inc. ("Garmin").  Defendant, a United States District Court Judge for the District of Kansas, presided over the lawsuit and dismissed it with prejudice due to Dr. Jaiyeola's vexatious conduct.  The Tenth Circuit affirmed dismissal with prejudice as an appropriate sanction.  Following Judge Teeter's dismissal of the original complaint, Dr. Jaiyeola sued Judge Teeter in this district, alleging violations of due process, abuse of legal procedure, and denial of constitutional rights.  In response, Judge Teeter filed a motion to dismiss, citing lack of subject-matter and personal jurisdiction, improper venue, judicial immunity, and failure to state a claim.  This Court granted Judge Teeter's motion to dismiss.  Dr. Jaiyeola then filed the instant motion

seeking to vacate the order granting Judge Teeter's motion to dismiss. For the reasons set forth below, the Court denies Plaintiff's motion to vacate.

## II. BACKGROUND

On February 19, 2020, Dr. Jaiyeola filed a failure-to-hire employment discrimination lawsuit against Garmin in the District of Kansas, alleging, among other claims, violations of his rights under Title VII of the Civil Rights Act of 1964. *See* First Am. Compl. ("Am. Compl.") at 2, ECF No. 15. Shortly after, on December 9, 2020, Judge Teeter began presiding over *Jaiyeola v. Garmin Int'l, Inc.*, ("Garmin lawsuit") and remained on the lawsuit until June 22, 2022. *Id.* ¶ 5; *see also* Ex. A. to Am. Compl., ECF No. 15-1. On June 18, 2021, Judge Teeter dismissed Dr. Jaiyeola's case with prejudice as a sanction for "vexatious" conduct in the litigation—a decision later affirmed by the Tenth Circuit. *Jaiyeola v. Garmin Int'l, Inc.*, No. 20-cv-2068, 2021 WL 2595067, at *6 (D. Kan. June 24, 2021), *aff'd*, No. 21-3114, 2022 WL 1218642, at *5, *8 (10th Cir. Apr. 26, 2022).

Subsequently, on June 15, 2024, Dr. Jaiyeola, proceeding *pro se*, brought the instant action in this Court, raising three separate causes of action against Judge Teeter: (1) "deprivation of due process through violation of 28 U.S.C. § 455"; (2) "deprivation of due process under the Fourteenth Amendment (42 U.S.C. § 1983)"; and (3) "deprivation of due process; inherent power of the Court to sanction." Compl. & Demand for Jury Trial ("Original Compl."), ECF No. 1 (citation modified); *see* Def.'s Mot. Dismiss Am. Compl. & Opp'n to Pl.'s Mot. Judicial Notice ("Mot. Dismiss") at 2, ECF No. 17-1. The basis for Dr. Jaiyeola's claims is that Judge Teeter allegedly received and profited from a "gift" of Garmin stock and did not recuse herself from the Garmin lawsuit. *See* Original Compl. ¶¶ 5–14. In response, on September 16, 2024, Judge Teeter filed a motion to dismiss Dr. Jaiyeola's complaint pursuant to Federal Rules of

2

Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6).  Def.'s Mot. Dismiss at 1, ECF No. 12.  Following Judge Teeter's motion, the Court notified Dr. Jaiyeola that if he failed to file a response to Judge Teeter's motion by October 16, 2024 or move for an extension to do so, the Court may treat the motion as conceded under Local Civil Rule 7(b).  Order at 1, ECF No. 13.  Dr. Jaiyeola responded by filing an amended complaint against Judge Teeter on October 7, 2024.  *See* Am. Compl.

Dr. Jaiyeola's amended complaint brought three causes of action for the same circumstances surrounding the "gift" of Garmin stock to Judge Teeter: (1) deprivation of due process; (2) abuse of process; and (3) denial of constitutional rights.  *See* Am. Compl. ¶¶ 17–37.  On October 21, 2025, Judge Teeter filed a motion to dismiss the amended complaint.  Mot. Dismiss at 1.  This Court granted that motion on March 24, 2025.  Order ("Order II") at 1, ECF No. 22; Mem. Op., ECF No. 23.  Dr. Jaiyeola has now moved under Rule 60(b)(1) to vacate this Court's final judgment granting Defendant's motion to dismiss.  Pl.'s Rule 60(b) Mot. Vacate Order Not to Transfer Lawsuit to U.S. District in Kansas Pursuant to Fed. R. App. P. 4(a)(4)(A)(vi) ("Pl.'s Mot. Vacate"), ECF No. 24.  Judge Teeter filed an opposition.  Def.'s Opp'n to Pl.'s Rule 60(b) Mot. ("Def.'s Opp'n"), ECF No. 25.  Because Dr. Jaiyeola has not filed a reply within seven days after service of Judge Teeter's memorandum in opposition, this Court considers the matter fully briefed and ripe for review.  *See* LCvR 7(d).

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) sets forth the grounds upon which a "court may relieve a party . . . from a final judgment [or] order."  Fed. R. Civ. P. 60(b).  While Rule 60(b) exists to preserve "the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts," the

3

Supreme Court has said "[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (citation omitted); *Ackermann v. United States*, 340 U.S. 193, 198 (1950). "Rule 60(b) cannot, therefore, be employed simply to rescue a litigant from strategic choices that later turn out to be improvident." *Good Luck Nursing Home*, 636 F.2d at 577. To obtain Rule 60(b) relief, "the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995). Though the proffered claim or defense need not be "ironclad," the movant must at least establish "that it possesses a potentially meritorious claim or defense." *Id.* (quoting *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Loc. No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 21 (1st Cir. 1992)). District courts have significant discretion in deciding whether to grant a Rule 60(b) motion. *See, e.g.*, *id.*; *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138–40 (D.C. Cir. 1988).

Rule 60(b)(1) requires a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief under Rule 60(b)(1) motions is "rare" because such motions allow district courts "to correct only limited types of substantive errors." *Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006). In addition, the party seeking relief must "make some showing of why he was justified in failing to avoid mistake or inadvertence." *Munoz v. Bd. of Trs. of Univ. of D.C.*, 730 F. Supp. 2d 62, 66 (D.D.C. 2010) (citation omitted). "Standing alone, a party's disagreement with a district court's legal reasoning or analysis is rarely, if ever, a basis for relief under Rule 60(b)(1)." *Id.* at 67. A judge's errors of law qualify as mistakes under Rule 60(b)(1). *Kemp v. United States*, 596 U.S. 528, 530 (2022). The circumstances under which mistakes by the court constitute cognizable grounds for relief are "limited," though they

4

no longer must be "so-called obvious" or "flagrant" legal errors. *Munoz*, 730 F. Supp. 2d at 66; *Kemp*, 596 U.S. at 530. Circumstances sufficient for relief include errors such as a court "basing its legal reasoning on case law that it failed to realize had recently been overturned," or "in the very limited situation when the controlling law of the circuit changed between the time of the court's judgment and the Rule 60 motion." *Avila v. Dailey*, 404 F. Supp. 3d 15, 23 (D.D.C. 2019) (internal quotation marks and citations omitted).

## IV. ANALYSIS

Dr. Jaiyeola seeks to vacate the Court's order denying Plaintiff's request to transfer this action to the U.S. District Court in Kansas and dismissing the suit for lack of personal jurisdiction. Pl.'s Mot. Vacate at 3. Plaintiff does not contend that the Court erred in determining that it lacked personal jurisdiction; instead, Dr. Jaiyeola asserts that the Court committed an error of law under Rule 60(b)(1) when "[the Court] ruled that a violation of a federal statute by Judge Teeter is covered under judicial immunity." *Id.* at 7 (citation modified). In response, Judge Teeter argues that Plaintiff's motion merely repeats the same arguments the Court rejected when it initially granted Defendant's motion to dismiss, which is insufficient grounds for a motion to vacate under Rule 60(b)(1). Def.'s Opp'n at 4–5. The Court agrees with Judge Teeter.

Dr. Jaiyeola's motion to vacate largely consists of verbatim or near verbatim reiterations of arguments made in his prior submissions to this Court. *Compare* Pl.'s Resp. to Def. Teeter's Mot. Dismiss Pl.'s First Am. Compl. ("Pl.'s Opp'n") at 1–2, ECF No. 20 (first three paragraphs), *with* Pl.'s Mot. Vacate at 1–2 (nearly identical first three paragraphs); *compare* Pl.'s Opp'n at 2–6, 11 (judicial immunity argument), *with* Pl.'s Mot. Vacate at 7–11 (largely repeating judicial immunity argument). Dr. Jaiyeola cannot use a Rule 60(b) motion to relitigate arguments this

5

Court has already rejected.  *See Duarte v. Nolan*, No. 16-7102, 2017 WL 7736939, at *1 (D.C. Cir. Apr. 18, 2017); *see also Jordan v. Dep't of Just.*, No. 17-2702, 2021 WL 4033070, at *10 n.8 (D.D.C. Sept. 3, 2021) (treating as frivolous "motions for reconsideration that relitigate[] already-rejected arguments instead of raising overlooked ones").  Dr. Jaiyeola provides no novel grounds to support his motion to vacate aside from alleging general grievances unsubstantiated in law.  Pl.'s Mot. Vacate at 5 ("Fairness, the interests of judicial economy, good cause, and the need to do justice exist for the Court to grant Jaiyeola's Rule 60(b)(1) Motion.").  Dr. Jaiyeola has failed to highlight any errors in this Court's prior judgment, the standard required for relief pursuant to Rule 60(b)(1).  *See Kemp*, 596 U.S. at 530; *Hall*, 437 F.3d at 99.  Rather, as evidenced by the near identical argumentation borrowed from his previous filings, Dr. Jaiyeola's motion to vacate appears to express mere disagreement with the Court's prior holding—an insufficient basis for relief under Rule 60(b)(1).  *See Munoz*, 730 F. Supp. 2d at 67.  As such, the Court denies Plaintiff's motion to vacate.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate (ECF No. 24) is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  July 31, 2025                                                                              RUDOLPH CONTRERAS
                                                                                                                  United States District Judge